**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW J.J. WOLF,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>RANDY VALLEY; RONA SIEGERT,<br><br>　　　　Defendants - Appellees,<br><br>and<br><br>CORIZON HEALTH CARE SERVICES,<br><br>　　　　Defendant. | No. 24-4062<br><br>D.C. No.<br>1:23-cv-00484-AKB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Amanda K. Brailsford, District Judge, Presiding

Submitted July 29, 2026[**]

Before:　　McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

　　　Andrew J.J. Wolf, an Idaho state prisoner, appeals pro se from the district

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Wolf's action because Wolf failed to comply with the district court's order directing him to file an opposition to defendants' motions for summary judgment, despite being warned that failure to do so would result in dismissal. *See* Fed. R. Civ. P. 41(b) (a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"); *Pagtalunan*, 291 F.3d at 641-43 (discussing factors that courts must consider in determining whether to dismiss for failure to prosecute or failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (explaining that this court may review the record independently if the district court does not make explicit findings to show its consideration of the factors).

The district court did not abuse its discretion by denying Wolf's motion to alter or amend the judgment because Wolf failed to demonstrate any basis for relief. *See Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59).

In light of our disposition, we do not consider Wolf's challenges to the district court's denial of preliminary injunctive relief or other interlocutory orders. *See SEC v. Mount Vernon Mem'l Park*, 664 F.2d 1358, 1361 (9th Cir. 1982) (when district court enters final judgment, appeal from preliminary injunction becomes moot); *see also Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that interlocutory orders are not appealable after a dismissal for failure to prosecute, whether the failure is purposeful or a result of negligence or mistake).

Wolf's motion (Docket Entry No. 9) for judicial notice is denied.

**AFFIRMED.**